```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

MARCUS HODGE,                  §
                               §
VS.                            §  CIVIL ACTION NO.4:08-CV-330-Y
                               §
OFFICER WILLIAMS               §
```

OPINION AND ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(E)(2) AND 28 U.S.C. § 1915A(b)

Inmate plaintiff Marcus Hodge proceeds in the above-styled and numbered case pursuant to 28 U.S.C. § 1915, and thus his claims are subject to review under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Hodge submitted a form civil-rights complaint, with attachments, seeking relief under 42 U.S.C. § 1983. In response to Court order, Hodge filed a more definite statement. Hodge names as the only defendant "Officer Williams." (Compl. Style; § IV(B).) Hodge contends that while in the Tarrant County jail, he was threatened by a fellow inmate named "Ware," who told Hodge not to pray in Ware's presence. Hodge alleges he informed Officer Williams of the threat and that he had delayed his prayer. Hodge reports that Williams told Hodge he would handle it. But a few minutes later, when Hodge was back in the housing unit with Ware, Ware confronted Hodge with Ware's knowledge, gained from Williams, that Hodge had told Williams that Ware had threatened him. Ware then allegedly attacked Hodge, and Hodge defended himself.(Compl. § V, attachment pages 1-2.) Hodge alleges he received cuts and a sore neck. (More Definite Statement (MDS) ¶ 4.)

Hodge seeks compensatory, nominal and punitive damages. (Compl. § IV(B)).

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await any responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory." The Court concludes that Hodge's claims must be dismissed under authority of these provisions.

In order to assert a claim for damages for violation of federal

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006)(emphasis added).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 1999); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[5] The constitutional rights of a pre-trial detainee flow from the procedural and substantive guarantees of the Fourteenth Amendment.[6] The Fourteenth Amendment protects the detainee's right to be free from punishment prior to an adjudication of guilt.[7] The applicable legal standard in the Fifth Circuit, however, depends on whether the claim challenges a 'condition of confinement' or an 'episodic act or omission.'[8] A condition-of-confinement case is a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement."[9] A claim of episodic act or omission occurs when the "complained-of harm is a particular act or omission of one of more officials."[10] As Hodge's claims involve a specific event, they are

---

[5] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[6] *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525-26 (5th Cir. 1999).

[7] *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979).

[8] *Olabisiomotosho,* 185 F.3d at 526; *see also Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996), *appeal after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

[9] *Hare,* 74 F.3d at 644; *see also Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997)(*en banc*)(citing as examples such claims as "the number of bunks in a cell or his television or mail privileges").

[10] *Scott,* 114 F.3d at 53.

3

of an episodic act or omission.

The United States Court of Appeals for the Fifth Circuit has held that the deliberate-indifference standard normally associated with Eighth Amendment claims also applies with respect to episodic-act-or-omission claims by pretrial detainees.[11] Under that standard, an inmate is required to allege facts that indicate officials were deliberately indifferent to his health or safety.[12] A detainee is required to establish that the defendant official has actual subjective knowledge of a substantial risk of serious harm but responds with deliberate indifference to that risk.[13]

In order to establish deliberate indifference through a failure-to-protect claim, an inmate must show first that he was incarcerated under conditions posing a substantial risk of serious harm and then that prison officials were deliberately indifferent to his need for protection.[14] A threat that one inmate will physically assault another poses a substantial risk of serous harm.[15] Thus, Hodge's allegation that Ware threatened him with injury is sufficient to satisfy the first prong of a failure-to-protect claim.

---

[11]*Hare*, 74 F.3d at 647-48.

[12]*Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

[13]*Hare,* 74 F.3d at 643 and 650.

[14]*Jones v. Thaler,* 69 Fed. Appx. 658, 2003 WL 21356014, at *1 (5th Cir. 2003)(citing *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

[15]*Jones,* 2003 WL 21356014, at *1 (citing *Horton v. Cockrell,* 70 F.3d 397, 401 (5th Cir. 1995)).

4

But "[n]ot every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation . . . ."[16] In order to satisfy the second prong, that the official was deliberately indifferent to his need for protection, Hodge must allege that the defendant was deliberately indifferent to the risk that he would be assaulted. "Deliberate indifference is established by showing that the defendant officials (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed."[17] Generally, a finding of deliberate indifference "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants."[18] "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm."[19]

Hodge alleges that Williams "encouraged the assault," and "did not act reasonably to the risk of assault by informing [Ware] that [Hodge] had brought the facts to [Williams's] attention." (Compl. attachment pages.) In his more definite statement, Hodge alleges that when he told Williams of the threat, Williams "told [Hodge] that no one can stop [Hodge] from praying and that he would handle it."

---

[16] *Horton*, 70 F.3d at 400.

[17] *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir.2001) (internal quotation marks omitted).

[18] *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985).

[19] *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

5

(MDS, ¶ 2.) Hodge alleges that after he was back in the housing unit with Ware, "Ware approached [Hodge] and asked if I was testing him, and told me that Officer Williams told him that I made a complaint to him about the threat he made earlier." (MDS ¶ 3.) Hodge alleges even though he then told Ware he did not want to fight, that is when Ware charged him and punched him. (MDS ¶ 3.)

A carful review of this factual record shows that Hodge has not alleged that Williams was deliberately indifferent to the threat from Ware. Indeed, the complaint and more definite statement imply that Williams approached and confronted Ware in an effort to warn him against assaulting Hodge. Hodge's assertion that Williams had informed him that "no one could stop him from praying," indicates that Williams took the threat seriously. That Ware then told Hodge that Williams had confronted him about the threat indicates that Williams spoke to Ware in an effort to prevent or reduce the chance of assault. Although Hodge contends that Williams's actions "further encouraged the assault," he does not allege that Williams intentionally and wantonly encouraged Ware to assault him. Rather, Hodge contends that Williams failed to act reasonably. But failing to act reasonably is an allegation of negligence or possibly gross negligence. As noted above, allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983.[20] Thus,

---

[20] *See, e.g., Daniels v. Williams,* 474 U.S. 327, 332 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986)(stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); *Feagley v. Waddill,* 868 F.2d 1437, 1440 (5th Cir.1989)("negligence on the part of state officials does not suffice to

the Court concludes that Hodge's allegations fail to state a claim that Williams was deliberately indifferent to a substantial risk of serious harm, and must be dismissed.

Alternatively, as a part of the PLRA, Congress also placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[21] The Fifth Circuit has held that "[s]ection 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."[22] It is also now established law that a plaintiff must recite that he suffered more than a *de minimis* physical injury.[23] Hodge recited "cuts on his hand," a cut inside his lip and a sore neck. (Compl.; attachment pages; MDS, ¶ 4.) Hodge acknowledged, however, that he received only antibiotic ointment, small bandages for the cuts, and a prescription for ice to place on

---

make out any due process violation under the Fourteenth Amendment"), *citing Daniels,* 474 U.S. 327.

[21] 42 U.S.C.A. 1997e(e)(West 2003).

[22] *Geiger v. Jones,* 404 F.3d 371, 375 (5th Cir. 2005).

[23] *See Gomez v. Chandler,* 163 F.3d 921, 924 (5th Cir. 1999)("for purposes of Eighth Amendment excessive-force claims--as well as for purposes of section 1997e(e)--'the injury must be more than de minimis, but need not be significant.'")(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)(noting that [the plaintiff's] alleged injury of a sore, bruised ear lasting for three days-- was de minimis)); *see also Luong v. Hatt,* 979 F.Supp. 481, 486 (N.D.Tex. 1997)(noting that a sore muscle, aching back, scratch, abrasion or bruise, which lasts up to two or three weeks, is not the kind of physical injury within the parameters of 1997e(e)).

7

his lip and neck. (MDS, ¶ 4.) Hodge also acknowledged that he now does not have any physical injuries as a result of the events. (MDS, ¶ 5.) Hodge's allegations of minor cuts and a sore neck state only de minimis injuries, and do not arise to the kind of physical injury required to satisfy § 1997e(e). Thus, Hodge's right to recovery of compensatory damages for mental and emotional harm is barred under 42 U.S.C. § 1997e(e), and such claims must be dismissed for this alternative reason.

Therefore, all plaintiff Marcus Hodge's claims are DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B) (i) and (ii).

SIGNED January 16, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE